In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00106-CR
______________________________


JOE LEWIS JONES, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31295-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Joe Lewis Jones appeals from his conviction by a jury for aggravated sexual assault
on a child. The jury assessed his punishment, with one enhancement, at ninety-nine years'
imprisonment. Jones contends the trial court committed reversible error by overruling his
motion for mistrial and by admitting an audiotape of a telephone conversation between
himself and the victim. We affirm.
          The record shows that Jones was prosecuted for raping P. T., his fifteen-year-old
niece. P. T. testified that, while they were making a nighttime run to a local discount store
to purchase diapers for Jones' child, Jones pulled his van into a parking lot, where he
pointed a weapon at her and sexually assaulted her. P. T. did not immediately inform her
parents. Five days later, she had a genital outbreak of herpes simplex one. At that point,
she told her sister what had happened, who then informed their mother about the rape. 
The mother contacted police. The evidence reflects that Jones was infected with the same
virus.
          Jones contends reversible error is shown by the trial court's denial of his motion for
mistrial. At issue is a videotape of his custodial interrogation. It contains references to his
prior conviction for a felony offense and information showing he had been on parole. The
trial court ordered the references removed from the videotape. While another witness was
being questioned, the State undertook to remove those references. However, the State
did not remove all of the references. The State argues that this was a mere accident and
that the references it failed to erase were not particularly prejudicial. As a result of the
"accident," the jury heard Jones state he had been released from parole four to five years
before the interrogation. Defense counsel's motion for mistrial was denied. The court then
instructed the jury to disregard the comment.


 
          We review a trial court's denial of a mistrial under an abuse of discretion standard. 
Trevino v. State, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999). Mistrial is an extreme
remedy for prejudicial events occurring during the trial process. See Bauder v. State, 921
S.W.2d 696, 698 (Tex. Crim. App. 1996). Such a situation could exist if an instruction
would not adequately compensate for the erroneous admission of evidence. Thus, if the
error is extremely prejudicial to the defendant and is of such a nature that it cannot be
withdrawn from the jurors' minds, the trial court should declare a mistrial. Phillips v. State,
130 S.W.3d 343, 348 (Tex. App.—Houston [14th Dist.] 2004, pet. granted); Lusk v. State,
82 S.W.3d 57, 60–61 (Tex. App.—Amarillo 2002, pet. ref'd).
          Under this analysis, a mistrial is described as being appropriate only when the event
is "so emotionally inflammatory that a curative instruction is not likely to prevent the jury
from being unfairly prejudiced against the defendant." Lusk, 821 S.W.2d at 60; see
Shepherd v. State, 915 S.W.2d 177, 179–80 (Tex. App.—Fort Worth 1996, pet. ref'd)
(holding a repeated comment on defendant's failure to testify warranted mistrial).
          We generally presume the jury follows the trial court's instruction to disregard. 
Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998). Ordinarily, a prompt
instruction to disregard will cure error associated with an improper question and answer,
even one regarding extraneous offenses. Ovalle v. State, 13 S.W.3d 774, 783 (Tex. Crim.
App. 2000). 
          In this case, the mention was fleeting and was not repeated by counsel or
emphasized in any particular way. Combined with the instruction tendered by the court,
we do not find this error to be of such substance as to make it impossible to withdraw its
consideration from the minds of the jury. The contention of error is overruled.
          Jones next contends the court erred by admitting an audiotape into evidence without
Jones' voice being identified as one of the parties to the conversation. The record shows
that police attached a recorder to the telephone of the victim's family and that P. T. placed
a telephone call that was recorded and ultimately played to the jury. On the recording,
P. T. talked with a male about how she had herpes, how much it hurt, and how she was
going to explain it to her parents. The male begged her not to tell that he was responsible,
and told her that he would be gone for a long time, would never get to see his kids or her
again, and that she should make up a name. 
          Jones objected on the basis that not all of the voices could be identified. The court
sustained the objection. Seth Vanover was then recalled as a witness for the State. He
testified that he and another officer were responsible for making the tape, and that he
could identify the voices on the audiotape. The State then reoffered the exhibit. Vanover
was questioned on voir dire by Jones and testified that P. T. was coached about the
questions to ask as she talked on the telephone. Jones then objected because there were
"no 822 warnings" and that P. T. was at that point an agent of the State, being directed by
the police. Counsel did not reurge an objection based on identification of the speakers.
          To preserve error for appeal, a defendant must (1) object, (2) state the grounds with
sufficient specificity, and (3) obtain an adverse ruling. Tex. R. App. P. 33.1; see Wilson v.
State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Finally, the point of error on appeal
must correspond to the objection made at trial. Dixon v. State, 2 S.W.3d 263, 265 (Tex.
Crim. App. 1998). When the exhibit was reoffered, counsel did not object on the basis now
claimed as error. 
          The contention of error was not preserved for our review and is overruled.
          We affirm the judgment.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      March 23, 2005
Date Decided:         May 26, 2005

Do Not Publish