Jimmy **MERCER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 64367.

Court of Criminal Appeals of Texas, En Banc.

Oct. 12, 1983.

John Mann, Amarillo, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

Appellant was convicted of aggravated rape. Punishment was assessed at five years. The sufficiency of the evidence is not challenged.

In his first ground of error appellant contends that the prosecutor in his closing argument at the punishment phase of the trial commented upon the appellant's failure to testify.[1] Appellant did not testify at either the guilt-innocence or the punishment phase of his trial. Following a finding of guilt by the jury, appellant offered evidence by way of his father, mother and girlfriend in support of his application for probation. During closing argument, the prosecution argued:

"... I told you in the beginning that the State opposed probation in this case, because to me probation is a punishment when an individual accepts the responsibility that maturity and adulthood places on him. That is, the responsibility to abide by and live by the law. If a person does not accept that responsibility, then we must figure something else to do with that individual. You see, probation, to be effective in my judgment—the individual is going to have to accept his responsibility and say—'I did this thing'.

1. The State failed to file a brief in this case or to otherwise answer the contentions raised by

"MR. MANN: Your Honor, please, we object to that as being an improper statement on the Defendant's failure to testify.

"THE COURT: The objection is overruled."

The prosecution in effect argued that before the jury could grant appellant probation appellant had to tell the jury that he committed the crime charged. The record shows that the jury did not recommend that appellant be placed on probation, but instead assessed his punishment at five years' confinement.

This argument is very similar to the argument in *Koller v. State*, 518 S.W.2d 373, 376 (Tex.Cr.App.1975). In *Koller*, the prosecutor commented:

"... Has anybody—has anybody in this whole week ever told you that they were sorry for killing Charles Adcock?

"* * *

"... How much mercy has John Koller ever shown you. He wants to talk to you about rehabilitation. He has never said I was wrong and I'm sorry. How can you rehabilitate somebody who won't even admit they're wrong."

Presiding Judge Onion, writing for the *Koller* Court, pointed out that both of the statements in *Koller*, which are quite similar to the statement in the case at bar, emphasized to the jury that the appellant did not testify in his own behalf and constituted an improper comment on the appellant's exercise of that right.

Again, in *Johnson v. State*, 611 S.W.2d 649 (Tex.Cr.App.1981), a panel of this Court found a very similar argument improper since it was a "direct and flagrant reference to what the jury had not heard the appellant say." 611 S.W.2d at 650.

We find that the argument in the instant case was a direct comment on the accused's failure to testify and thus constituted reversible error. See *Anderson v. State*, 525 S.W.2d 20 (Tex.Cr.App.1975).

appellant in this appeal.

The judgment of the trial court is reversed and the cause remanded for a new trial.