Ross Ervin SHEPHERD, Appellant,

v.

The STATE of Texas, State.

No. 02–94–383–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 25, 1996.

§ 1, 1987 Tex.Gen.Law 1900, 1900 (amended      1993).

Henry C. Paine, Jr., Denton, for Appellant.

Bruce Issacks, Criminal District Attorney; Dawn Moore, Roger Jones, and Earl C. Dobson, Assistant District Attorneys–Denton, Robert Huttash, State Prosecuting Attorney, Austin, for Appellee.

Before CAYCE, C.J., and DAUPHINOT and CHUCK MILLER (Assigned), JJ.

## OPINION

CHUCK MILLER, Justice (Assigned).

This is an appeal from a conviction for driving while intoxicated. After appellant Ross Ervin Shepherd pleaded not guilty, a jury found him guilty of driving while intoxicated and assessed punishment at twelve months' confinement and a fine of $1,000. On appeal, Shepherd complains in points of error one through three that the admission of testimony that Shepherd said he would not take a breath test because he felt he was too intoxicated to pass was a violation of article 38.22 of the Texas Code of Criminal Procedure, the Fifth Amendment of the United States Constitution, and article I, section 10 of the Texas Constitution. In his fourth point of error, Shepherd complains that the trial court committed reversible error in failing to grant a mistrial after the State repeatedly commented on his failure to testify. Although we hold that Shepherd's statement did not stem from custodial interrogation, we conclude that the State's argument was reversible error. Accordingly, we reverse the judgment of the trial court and remand the cause for a new trial.

### The Custodial Interrogation Claim

Shepherd was involved in an automobile accident on May 16, 1992. The investigating officer, Scott Burson, testified that he worked the accident scene and, after talking to witnesses and observing Shepherd, he formulated the opinion that Shepherd was intoxicated. While Officer Burson was transporting Shepherd to the Denton County Jail, Officer Burson asked via radio another officer, who was an intoxilyzer machine operator, to come assist him during the interview. Over the radio, this other officer, Troy Nivens, asked Officer Burson if Shepherd was going to take the breath test or not. Before

Officer Burson had any chance to reply to Officer Nivens' inquiry, Shepherd said he would not take the breath test because he felt he was too intoxicated to pass it. At trial, Shepherd conceded that the refusal to take the test was admissible, but objected to that part of the statement indicating he felt he was too intoxicated to pass as being the product of a custodial interrogation.

■ Article 38.22, section 3 of the Code of Criminal Procedure requires strict electronic recording for oral statements made as a result of custodial interrogation. TEX.CODE CRIM.PROC.ANN. art. 38.22, § 3 (Vernon 1979). Article 38.22, section 3 is qualified, however by section 5 of article 38.22, which states, "Nothing in this article precludes the admission of a ... statement that does not stem from custodial interrogation...." TEX.CODE CRIM.PROC.ANN. art. 38.22, § 5 (Vernon 1979).

Shepherd was in custody and being transported to the County Jail at the time the statement was made. The issue is, then, whether the statement was the product of interrogation.

■ Interrogation encompasses any word or action on the part of the officers that they should know is reasonably likely to elicit an incriminating response from the suspect. *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297, 308 (1980). General and routine questions do not constitute interrogation. *Jones v. State,* 795 S.W.2d 171, 174 n. 3 (Tex.Crim.App.1990); *Murray v. State,* 864 S.W.2d 111, 114 (Tex. App.—Texarkana 1993, pet. ref'd). Offhand remarks, not designed to elicit any kind of incriminating response, do not constitute interrogation. *Innis,* 446 U.S. at 303, 100 S.Ct. at 1690, 64 L.Ed.2d at 309; *Janecka v. State,* 739 S.W.2d 813, 828–29 (Tex.Crim.App. 1987). Additionally, the Texas Court of Criminal Appeals has held that a police officer's inquiry of whether a suspect would take a breathalyzer test was not an interrogation. *McGinty v. State,* 723 S.W.2d 719, 722 (Tex. Crim.App.1986); *Bass v. State,* 723 S.W.2d 687, 691 (Tex.Crim.App.1986).

Importantly, Officer Nivens' question was propounded to Officer Burson and not to Shepherd. The question was a routine question between officers. It was not an inquiry the officers should have known was reasonably likely to evoke an incriminating response from a suspect. *See Innis,* 446 U.S. at 303, 100 S.Ct. at 1690, 64 L.Ed.2d at 309. It is clear that, even had the question been asked directly of Shepherd, such inquiry is not "interrogation" for purposes of article 38.22 of the Code of Criminal Procedure or article I, section 10 of the Texas Constitution or the Fifth Amendment of the United States Constitution. *Gressett v. State,* 723 S.W.2d 695 (Tex.Crim.App.1986). Because Shepherd's statement was not the result of interrogation, we hold that his refusal to take a breath test and his further explanation of his reason for refusing were not inadmissible. Points of error one, two, and three are overruled.

*The Comment on Failure to Testify Claim*

■ In his fourth point of error, Shepherd asserts that it was reversible error for the trial court not to grant a mistrial after the prosecutor repeatedly commented on the failure of Shepherd to testify. Two instances of the objectionable final argument by the State were as follows:

[PROSECUTOR]: ... First of all, the Defense attorney essentially has a[n] excuse for everything that happened that day. He says the Defendant didn't see Shelly because the sun was setting, and he couldn't see her because he was blinded by the sun. He says that the reason why he couldn't say his ABCs was because he was hit in the head. Ladies and gentlemen, I want to remind you that this is the first time today that we're hearing any of this. At that scene, don't you think he would have wanted to tell that officer—

[DEFENSE COUNSEL]: I'm going to object, Your Honor. That's a comment by the State on failure to testify either at the scene or at—in court.

THE COURT: Sustain the objection.

[DEFENSE COUNSEL]: I would ask the jury be instructed to disregard.

THE COURT: Jury [is] so instructed.

[DEFENSE COUNSEL]: I would ask for a mistrial.

THE COURT: Overrule the motion.

.    .    .    .    .

[PROSECUTOR]: He didn't tell those police officers that the sun was in his eyes.

[DEFENSE COUNSEL]: I would object, Your Honor, that that again is a comment.

THE COURT: Yeah, get off on that, Counsel. Go on to something else.

[DEFENSE COUNSEL]: For the record, Your Honor, are you sustaining my objection? I would object that it's a comment of the Defendant's failure to testify.

[PROSECUTOR]: Your Honor, I don't believe it's a comment on the—

THE COURT: All right. I'm not arguing that.

[PROSECUTOR]: —Defendant's failure to testify.

THE COURT: Change the subject.

[PROSECUTOR]: It's just a comment on the evidence that was adduced at trial.

THE COURT: All right. Change the subject. Continue argument. Overrule your motion.

■ It is a well-known, accepted, basic, and fundamental law in this state that the failure of an accused to testify may not be the subject of comment by the prosecution. *Montoya v. State,* 744 S.W.2d 15, 34 (Tex. Crim.App.1987) (op. on reh'g), *cert. denied,* 487 U.S. 1227, 108 S.Ct. 2887, 101 L.Ed.2d 921 (1988). A prosecutor's comment on a defendant's failure to testify offends both the state and federal constitutions as well as Texas statutory law. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM.PROC.ANN. art 38.08 (Vernon 1979); *Montoya,* 744 S.W.2d at 34; *Sauceda v. State,* 859 S.W.2d 469, 474 (Tex.App.— Dallas 1993, pet. ref'd).

■ To determine if a prosecutor's comment violated TEX.CODE CRIM.PROC.ANN. art. 38.08, and constituted an impermissible reference to an accused's failure to testify, we must consider whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily consider it to be a comment on the failure of the accused to testify. *Montoya,*

744 S.W.2d at 35; *Curry v. State,* 861 S.W.2d 479, 485–86 (Tex.App.—Fort Worth 1993, pet. ref'd). When viewed from the standpoint of the jury, the implication that the language used by the prosecutor made reference to the accused's failure to testify must be a necessary one. *Swallow v. State,* 829 S.W.2d 223, 225 (Tex.Crim.App.1992). It is not sufficient that the language might be construed as an implied or indirect allusion to the accused's invocation of his Fifth Amendment right to remain silent. *Id.* However, if the prosecutor's remark called to the jury's attention the absence of evidence that could only be supplied by the testimony of the accused, the comment is improper and the conviction is subject to being reversed. *Montoya,* 744 S.W.2d at 35.

The Texas Court of Criminal Appeals has often held that the prohibition against commenting on a defendant's silence at trial is mandatory and thus rarely cured by instruction. *See id.* at 37; *Owen v. State,* 656 S.W.2d 458, 459 (Tex.Crim.App.1983). However, in more recent cases, the court has made it clear that violation of article 38.08 is not automatically reversible error. *Madden v. State,* 799 S.W.2d 683, 699 n. 28 (Tex.Crim. App.1990), *cert. denied,* 499 U.S. 954, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991). *See also, Long v. State,* 823 S.W.2d 259, 269–70 (Tex. Crim.App.1991), *cert. denied,* 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992); *Bower v. State,* 769 S.W.2d 887, 907 (Tex.Crim. App.), *cert. denied,* 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989); *Jackson v. State,* 745 S.W.2d 4, 15 (Tex.Crim.App.), *cert. denied,* 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 947 (1988). The reviewing court, if it determines the argument improper, must perform a harm analysis. *See Madden,* 799 S.W.2d at 700.

The prosecutor's argument in this case was an indirect comment on Shepherd's failure to testify which called for evidence that only Shepherd himself could supply. As such, the argument violates article 38.08, and Shepherd's rights under both the state and federal constitutions. *See Montoya,* 744 S.W.2d at 37. We conclude the trial court was correct in sustaining Shepherd's objections and instructing the jury to disregard.

 When the trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for a mistrial, the question is whether the trial court erred in denying the mistrial. *Sauceda*, 859 S.W.2d at 474. To determine whether the error is reversible, we consider whether the argument was extreme, manifestly improper, injected new and harmful facts into the case, or violated a mandatory statutory provision and was thus so inflammatory that instructions to disregard could not cure its prejudicial effect. *Long*, 823 S.W.2d at 267; *Hernandez v. State*, 819 S.W.2d 806, 820 (Tex. Crim.App.1991), *cert. denied*, 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992). We examine the argument considering the entire record. *Hernandez*, 819 S.W.2d at 820.

Evidence was adduced during the trial that Shepherd was somewhat facing a setting sun and that he suffered at least some sort of injuries to his head area. Defense counsel argued to the jury that the reasonable inferences which could be drawn from such evidence was that Shepherd had the sun in his eyes and did not see the other motorist; also, that Shepherd's speech was slurred due to a head injury suffered in the collision. The prosecution's rebuttal argument that Shepherd would want to tell the officers of any injuries if he had them and that Shepherd did not tell the officers that the sun was in his eyes called the jury's attention to the absence of evidence that only Shepherd's testimony could supply. The comment violated a mandatory Texas statute. *See* TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979). We note that the error was repeated by the prosecutor, that the court repeatedly instructed the prosecutor to change the subject, and that the court's instruction was not an especially strong admonition to the jury. The prosecutor's argument was a direct reference to what Shepherd did not say at the scene, and an indirect reference to what the jury had not heard Shepherd say at trial. Under the facts of this case, we cannot say that, beyond a reasonable doubt, the error was cured by the court's instruction and that the indirect reference to Shepherd's failure to testify did not remain in the minds of the jurors and contribute to the verdict. *See* TEX.R.APP.P. 81(b)(2). Accordingly, we sustain Shepherd's fourth point of error.

The judgment of the trial court is reversed and the cause remanded for a new trial.