**Opinion issued November 8, 2012.**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-11-00773-CR

_____

**MICHAEL LEE STOUT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1281388**

---

## O P I N I O N

A jury convicted Michael Lee Stout of being a felon in possession of a

firearm and assessed his punishment at thirty-three years' confinement.[1] In three

---

[1] TEX. PENAL CODE ANN. § 46.04(a)(2) (West 2011).

issues, Stout challenges the legal sufficiency of the evidence and the trial court's overruling of two of his objections to the prosecutor's closing argument. We affirm the trial court's judgment.

## Background

Officers Aldana and Rivera arrested Stout after a traffic stop when Stout, who was driving the vehicle, was unable to produce a driver's license or proof of insurance. During the traffic stop, Officer Aldana noticed Stout repeatedly reach toward the vehicle's radio console, though the radio was not on at the time. Because they arrested Stout, Officers Rivera and Aldana inventoried the vehicle. Officer Aldana informed Officer Rivera of Stout's hand movements toward the radio, and Officer Rivera observed that the vehicle's radio had a removable face. He removed the face of the radio and found a loaded revolver in the compartment behind the radio's faceplate. Officer Aldana asked Stout and the two passengers if the gun belonged to them. They each denied ownership of the gun. After discovering that the vehicle was registered to Stout's mother, Officer Aldana called his mother and inquired whether the gun belonged to her. Stout's mother also denied owning the gun.

The State charged Stout with the offense of possessing a firearm as a convicted felon, enhanced by two prior felony convictions for the same offense. The jury convicted Stout of the charged offense, found true the two enhancement

2

paragraphs, and assessed his punishment at thirty-three years' confinement in the institutional division of the Texas Department for Criminal Justice.

## Legal Sufficiency of the Evidence

A person who has been convicted of a felony commits an offense under the "unlawful possession of a firearm" statute if he possesses a firearm at any location other than the premises where he lives. TEX. PENAL CODE ANN. § 46.04(a)(2) (West 2011). Stout stipulated that he was a convicted felon at the relevant time, but he challenges the legal sufficiency of the evidence to prove that he had possession of the gun taken from behind the radio in the vehicle he was driving.

### A.    Standard of Review

We review legal sufficiency of the evidence by considering all of the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Brooks v. State*, 323 S.W.3d 893, 889–902 (Tex. Crim. App. 2010) (plurality op.); *Ervin v. State*, 331 S.W.3d 49, 54–55 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Evidence is legally insufficient when the "only proper verdict" is acquittal. *Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2218 (1982). We give deference to the jury's responsibility to resolve conflicts in

testimony, weigh evidence, and draw reasonable inferences from the facts. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

**B.   Links**

Because the gun was not found on Stout or in his exclusive possession, the State must prove possession by affirmatively linking the gun to Stout. *See Jones v. State*, 338 S.W.3d 725, 742 (Tex. App.—Houston [1st Dist.] 2011), *aff'd,* 364 S.W.3d 854 (Tex. Crim. App. 2012); *Williams v. State*, 313 S.W.3d 393, 397 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *James v. State*, 264 S.W.3d 215, 218–19 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). These links must be sufficient to show that Stout "was conscious of his connection with the weapon and knew what it was." *Jones*, 338 S.W.3d at 742 (quoting *James*, 264 S.W.3d at 219). This rule, called the "affirmative links" rule, is "designed to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone else's [contraband]." *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011) (quoting *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005)).

Factors that may establish a link between a defendant and a firearm include whether: (1) the firearm was in plain view; (2) the defendant was the owner of the vehicle in which the firearm was found; (3) the defendant was the driver of the vehicle in which the firearm was found; (4) the defendant was in close proximity and had ready access to the firearm; (5) the firearm was found on the same side of

4

the vehicle as the defendant; (6) the firearm was found on the defendant; (7) the defendant attempted to flee; (8) conduct by the defendant indicated a consciousness of guilt, including extreme nervousness or furtive gestures; (9) the defendant had a special connection or relationship to the firearm; (10) the place where the firearm was found was enclosed; (11) occupants of the vehicle gave conflicting statements about relevant matters; and (12) affirmative statements connect the defendant to the firearm, including incriminating statements made by the defendant when arrested. *James*, 264 S.W.3d at 219 (citing *Bates v. State*, 155 S.W.3d 212, 216–17 (Tex. App.—Dallas 2004, no pet.)). The evidence used to satisfy these elements can be either direct or circumstantial. *Id.* The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense. *Id.*; *Jones*, 338 S.W.3d at 742.

The State's evidence establishes a number of links between Stout and the gun. First, Stout was driving the vehicle at the time the gun was found. *See Bates*, 155 S.W.3d at 217 (relying, in part, on evidence that defendant was driver of borrowed vehicle in which gun was found inside compartment under front passenger seat and that other people who had access to vehicle denied knowledge of gun). Second, the other passengers in the vehicle denied that the gun belonged to them, as did the vehicle's owner; there was no evidence tending to contradict these assertions. *See id.* Third, although Stout did not own the vehicle, the jury

5

could have inferred that he had a greater right to possession of the vehicle than the other two passengers because the vehicle belonged to Stout's mother. *See id.*; *Bell v. State*, 356 S.W.3d 528, 533 (Tex. App.—Texarkana 2011, pet. granted) (observing that jury could reasonably conclude that defendant had greater right to possession of vehicle than other occupant because vehicle belonged to defendant's wife or girlfriend). Fourth, Stout was in close proximity to the gun and had access to it from the driver's seat. *See Robinson v. State*, 174 S.W.3d 320, 326 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (observing that contraband was "conveniently accessible" to defendant when it was "within the close vicinity of the accused and easily accessible while in the vehicle so as to suggest that the accused had knowledge of the contraband and exercised control over it.").

Fifth, and most telling, Officer Aldana witnessed Stout reaching toward the radio, which was not on, on three occasions—beginning when Officer Aldana first stopped the vehicle and continuing even after she instructed him to keep his hands on the wheel. This is some evidence that Stout either placed the gun behind the radio when Officer Aldana pulled him over or was aware that the gun was there.[2] *See James*, 264 S.W.3d at 219–20 (holding evidence that officers saw defendant

---

[2] Stout contests whether the evidence establishes that his hand movements toward the radio were "furtive." Regardless of Stout's demeanor when reaching toward the radio, his repeated reaching in that direction during the traffic stop is some evidence that he was aware the gun was located there.

gesturing as though he was placing something under his car seat supported jury's finding that he possessed gun found under his seat).

Viewing the evidence in the light most favorable to the verdict, we hold that the logical force from these links is sufficient for the jury to have concluded beyond a reasonable doubt that Stout exercised care, custody, control, or management over the gun. We overrule Stout's first issue.

**Improper Comments by the Prosecutor**

Stout's second and third issues relate to the State's closing arguments in the guilt-innocence phase of the trial. Stout asserts that the prosecutor improperly bolstered Officer Aldana's testimony and commented on Stout's failure to testify. We review each contention in turn.

**A.     Bolstering**

Stout asserts that the following portion of the State's closing argument constituted improper witness bolstering:

> And a little bit on motives. Now, did this officer have any motive to lie? Is she going to come down here during her time that she's not on duty after she's been working all night long and tell y'all a story that's not true? There wasn't even a question by Mr. Balderas that would lead you to believe that maybe she wasn't truthful. Everything she said was clear and concise and consistent. There wasn't a hesitation in her memory. She knew these facts backwards and forwards and, so, we believe --
>
> . . . Obviously, y'all are the finders of fact, but this is just a recap of what we all heard, that she is a credible witness because she had a great memory, because she knew exactly what had happened from

7

beginning to end. She remembered the number of times that he had reached his right hand from his chair to the radio console area where the weapon was found.

(objections and rulings omitted). Stout's trial counsel objected to the State's argument as "vouching for the credibility of a witness" and "evading the province of the jury." The trial court overruled the objection.

In examining challenges to a jury argument, a court considers the remark in the context in which it appears. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). Proper jury argument may include: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, and (4) pleas for law enforcement. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000); *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992). An argument that goes beyond the bounds of these permissible areas constitutes reversible error only if an analysis of the record as a whole shows the argument is extreme or manifestly improper, violates a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Wesbrook*, 29 S.W.3d at 115; *Felder*, 848 S.W.2d at 95. The remarks must have been a willful and calculated effort on the part of the State to deprive the defendant of a fair and impartial trial. *Wesbrook*, 29 S.W.3d at 115.

"A prosecutor may argue his opinion concerning a witness's credibility or the truth of [a] witness's testimony only if the opinion is based on reasonable

deductions from the evidence and does not constitute unsworn testimony." *Gonzalez v. State*, 337 S.W.3d 473, 483 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *McKay v. State*, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985)); *see also Graves v. State*, 176 S.W.3d 422, 431 (Tex. App.—Houston [1st Dist.] 2004, pet. struck) ("Jury argument that vouches for or questions the credibility of a witness is proper if it involves a reasonable deduction from the evidence."). A prosecutor may allude to the demeanor of a testifying witness during closing, so long as the jury had the same opportunity to observe the demeanor during the witness's testimony. *See Good v. State*, 723 S.W.2d 734, 736 (Tex. Crim. App. 1986); *Jones v. State*, 119 S.W.3d 412, 428 (Tex. App.—Fort Worth 2003, no pet.). We allow wide latitude without limitation in drawing inferences from the evidence, so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith. *Gonzalez*, 337 S.W.3d at 483 (citing *Gaddis*, 753 S.W.2d at 398).

The State's closing argument relating to the truthfulness of Officer Aldana's testimony was "based on reasonable deductions from the evidence" and did not constitute unsworn testimony. *See Gonzalez*, 337 S.W.3d at 483; *see also Wesbrook*, 29 S.W.3d at 115; *Felder*, 848 S.W.2d at 95. The State pointed out that (1) there was no evidence tending to contradict the truthfulness of Officer Aldana's testimony, (2) there was no evidence that Aldana had any reason to be untruthful, and (3) Aldana had testified from memory without hesitation, without

9

inconsistency or vagueness, and with specific details about the events as she recalled them. This Court has held that closing arguments may include argument as to the truthfulness of a witness's testimony so long as the argument is based on the evidence presented and reasonable deductions from such evidence, including the complainant's demeanor while testifying. *See Gonzalez*, 337 S.W.3d at 483; *see also Good*, 723 S.W.2d at 736–37 (holding that prosecutor's argument on truthfulness of witness was reasonable deduction from witness's testimonial demeanor, which is considered to be in evidence); *Graves*, 176 S.W.3d at 471 (stating that jury argument may include vouching for witnesses' credibility if it is reasonable deduction from evidence).

Although the prosecutor inquired whether Officer Aldana had a motive to testify untruthfully, the prosecutor did not represent that Aldana had no such motive; instead, she raised the issue for the jury to decide, pointed out the absence of any questioning or evidence tending to establish a motive to testify untruthfully, and recounted the nature of Aldana's testimony. The circumstances of this case are thus distinguishable from the cases on which Stout relies, each of which involve a prosecutor's assertion of his own opinion of a witness's veracity, without reference to evidence tending to show or contradict the witness's truthfulness. *See Williamson v. State*, 771 S.W.2d 601, 608 (Tex. App.—Dallas 1989, pet. ref'd); *Simons v. State*, 648 S.W.2d 21, 22 (Tex. App.—Dallas 1983, no pet.).

10

In *Simons*, the prosecutor stated to the jury that two police officers who testified "were telling you the truth about the way [the defendant] was driving." 648 S.W.2d at 22. The trial court sustained the objection and instructed the jury to disregard the prosecutor's statement. *Id.* The prosecutor then went on to tell the jury, "I submit to you [the officers'] testimony was very credible and they had no motive to lie to you." *Id.* The trial court again sustained defendant's objection and instructed the jury to disregard the prosecutor's statement. *Id.* But the trial court denied the defendant's motion for mistrial on the basis of the prosecutor's statements. *Id.* The court of appeals affirmed the conviction. *Id.* at 23. The difference between the statements in *Simons* and the statements here is that the prosecutor in *Simons* actually made representations to the jury as to the truthfulness of the witnesses' testimony. Here, the prosecutor raised the question for the jury as to whether a witness had any motive to be untruthful, but she did not purport to answer that question based on her own opinion or evidence outside the record. She only referenced the evidence in the record—such as the officer's testimony and demeanor—and the absence of evidence calling the officer's credibility into question.

In *Williamson*, the defendant challenged the effectiveness of his trial counsel based on counsel's failure to object to the admission of statements made by the defendant during a custodial field interrogation, failure to object to the admission

11

of statements made by the defendant during a second custodial interrogation, failure to object to witness testimony improperly commenting on the defendant's silence, failure to give notice of appeal from a recent probation revocation proceeding, failure to object to improper witness bolstering in closing argument, eliciting during cross-examination harmful and inadmissible testimony from a witness, and failure to preserve error with respect to the trial court's improper response to a jury note. 771 S.W.2d at 606–10. The trial court agreed that the defendant received ineffective assistance of counsel with respect to the admission of statements made during the first and second custodial interrogations, witness bolstering, and the trial court's supplemental instruction to the jury. *Id.* at 607.

The closing argument that bolstered witness testimony in *Williamson* was the following statement by the prosecutor:

> [T]he officers [who testified] . . . had no [] reason to come down here and lie to you. They have nothing to lose by telling you the truth or by telling you a lie, they have nothing to gain. They just came in here to tell you the truth . . . . They are being paid by your tax money and they are doing a good job.

*Id.* at 608. These statements are distinguishable from the prosecutor's statements in this case for the same reasons the *Simons* statements are distinguishable: the prosecutors in those case made representations to the jury about witnesses' truthfulness and motives based on the prosecutor's own opinion and evidence outside the record. The prosecutor here posed a question about the witness's

12

truthfulness and motives for the jury to decide, referencing only evidence that was in the record and the lack of contrary evidence in the record. Evaluating a witness's credibility based on the evidence and the witness's demeanor is the providence of the jury. A prosecutor may not attempt to make that credibility determination for the jury, but she may invite the jury to make its own credibility determination based on the evidence presented at trial.

Here, the prosecutor's statements about Officer Aldana's testimony did not constitute improper bolstering of Aldana's credibility to the jury. *See Gardner v. State*, No. 14-97-00510-CR, 1999 WL 219200, at *3 (Tex. App.—Houston [14th Dist.] Apr. 15, 1999, no pet.) (not designated for publication) (holding that prosecutor did not improperly bolster witness's credibility by asking jury what motive witness would have to lie and pointing out that there was no evidence tending to establish such a motive). The prosecutor did not state her personal belief as to Officer Aldana's truthfulness or indicate that the jury should believe Officer Aldana based on facts not in evidence. *See id.* (distinguishing cases in which "the prosecutor directly vouched for the credibility of the witness" from circumstance where "the prosecutor made clear . . . that the argument was based upon the evidence and not the prosecutor's personal opinion."). Instead, she summarized Officer Aldana's testimony and asked the jury to make inferences about Aldana's credibility based on Aldana's testimony and demeanor. We hold that the State's

closing argument regarding Officer Aldana's testimony constituted proper jury argument based on reasonable deductions from the evidence. *See Gonzalez*, 337 S.W.3d at 483; *Johnson v. State*, 987 S.W.2d 79, 85 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (holding that closing argument in which prosecutor advocated truthfulness of witness was proper because it "constituted both a summation of, and a deduction from, the testimony heard by the jury" from the witness).

We overrule Stout's second issue.

## B.      Commenting on failure to testify

Stout asserts that the following portion of the State's closing argument constituted an improper comment on Stout's failure to testify at trial:

> And the thing really for me, for this case, is that actions speak louder than words. Obviously, a person convicted of a felony is not going to say, that's my gun. That's obvious.
>
> . . . During the stop, the defendant said, this is not my gun, during the stop, which was elicited on the witness stand. But it is obvious that his actions that night spoke louder than his words. The officer saw three times him moving his hand there. He was aware that those circumstances existed, as innocuous as they are, he was aware there was a gun there.

(objection and ruling omitted).

A prosecutor may not comment in closing argument on a defendant's failure to testify on his own behalf at trial. TEX. CODE CRIM. PROC. ANN. art. 38.08 (West

14

2005). The test to determine whether an argument constituted an impermissible reference to an appellant's failure to testify was stated in *Cruz v. State*:

> To violate the right against self-incrimination, the offending language must be viewed from the jury's standpoint and the implication that the comment referred to the defendant's failure to testify must be clear. It is not sufficient that the language might be construed as an implied or indirect allusion. The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify.

225 S.W.3d 546, 548 (Tex. Crim. App. 2007) (quoting *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001)); *see also Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011). "In applying this standard, the context in which the comment was made must be analyzed to determine whether the language used was of such character." *Randolph*, 353 S.W.3d at 891; *Cruz*, 225 S.W.3d at 548.

The prosecutor's comments in closing argument were not "clear" references that the jury "would necessarily and naturally take [] as a comment on [Stout's] failure to testify." *See Cruz*, 225 S.W.3d at 548. The prosecutor first referenced Stout's denial that the gun belonged to him during the traffic stop. This reference is to evidence in the record: Officer Aldana's testified that she asked Stout if the gun belonged to him and he responded that it did not. The prosecutor then argued that the gun did belong to Stout and that the evidence of his ownership was in his actions. This is also a reference to evidence in the record: Officer Aldana testified that, during the traffic stop, Stout repeatedly reached toward the radio, behind

15

which the gun was stored, even though the radio was not on at that time. The prosecutor's contention that Stout's actions contradicted his statements to Officer Aldana at the time of his arrest constitutes argument based on the evidence presented and does not naturally and necessarily implicate Stout's failure to testify. To the contrary, the prosecutor carefully limited her comments about Stout's actions and words to the time of his arrest, and she commented only on the words Stout did say, not the words he did not say. *See Hill v. State*, 303 S.W.3d 863, 877–78 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding that prosecutor's references to defendant's conduct during traffic stop as demonstrating defendant's awareness of contraband in car was not impermissible comment on defendant's failure to testify); *see also Cuddy v. State*, 107 S.W.3d 92, 95–96 (Tex. App.—Texarkana 2003, no pet.) (holding that prosecutor's comments during closing referred to defendant's conduct at time of arrest and not his failure to testify); *Greenwood v. State*, 740 S.W.2d 857, 859 (Tex. App.—Dallas 1987, no pet.) (same).[3]

For these reasons, this case is distinguishable from the cases on which Stout relies, in which prosecutors directly referenced a defendant's failure to give certain

---

[3]    In *Cuddy*, the court of appeals observed that, "[w]hile  the right to remain silent after arrest and the right not to self-incriminate at trial are derived from the same constitutional provisions, the protections apply in different contexts, and an objection to one does not preserve error on appeal for the other." 107 S.W.3d at 96 (citing *Short v. State*, 671 S.W.2d 888, 890 (Tex. Crim. App. 1984)); *Greenwood*, 740 S.W.2d at 860). We need not rely on that distinction here, however, because the prosecutor did not reference Stout's silence at the time of his arrest; she referenced his conduct and the statements he did make.

testimony at trial. *See Mercer v. State*, 658 S.W.2d 170, 171 (Tex. Crim. App. 1983) (holding that prosecutor improperly argued that probation would not be effective because defendant never admitted guilt and accepted responsibility for his actions); *Koller v. State*, 518 S.W.2d 373, 376 (Tex. Crim. App. 1975) (same); *see also Polley v. State*, 102 S.W.2d 210, 210–11 (Tex. Crim. App. 1937) (holding improper argument that if defendant was innocent he would have said so); *Murphy v. State*, 103 S.W.2d 765, 766 (Tex. Crim. App. 1937) (holding improper statement that defendant failed to deny witness's testimony).

This case is likewise distinguishable from *Shepherd v. State*, in which the prosecutor responded to evidence that an automobile collision was caused by sun in the defendant's eyes and defendant's head injury, rather than intoxication, by pointing out to the jury that defendant had not said as much to the officer at the scene or at trial. 915 S.W.2d 177, 179–80 (Tex. App.—Fort Worth 1996, pet. ref'd). In that case, the defense adduced evidence at trial to support its theory that the sun was in the defendant's eyes and that the defendant had a head injury. *See id.* at 179. The prosecutor undermined that evidence on the ground that the defendant had not testified in support of those defenses, thus directly commenting on the defendant's silence at the scene and at trial.[4] As the *Shepherd* court stated,

---

[4] Unlike this case, defense counsel in *Shepherd* objected to the prosecutor's closing argument both on the ground that it commented on the defendant's failure to

17

the prosecutor called the jury's attention to the absence of testimony from the defendant by "call[ing] for evidence that only [the defendant] himself could supply." *Id.* at 180. Here, by contrast, the prosecutor did not call for testimony that only Stout could provide or otherwise draw the jury's attention to the absence of statements from Stout. She commented on the statements Stout actually did provide at the scene and compared them to his conduct, based on the evidence adduced at trial. We hold that the prosecutor did not improperly comment on Stout's failure to testify at trial.

We overrule Stout's third issue.

## Conclusion

We hold that legally sufficient evidence supports the jury's verdict and that the trial court did not err in overruling Stout's objections to the State's closing arguments. We therefore affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Justices Keyes, Massengale and Brown.

Publish. TEX. R. APP. P. 47.2(b).

---

testify at trial and on the ground that it commented on the defendant's silence at the time of his arrest. *Shepherd*, 915 S.W.2d at 179.