**AFFIRM; and Opinion Filed February 17, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01213-CR

### AARON BERNARD CARTER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1356070-T**

## MEMORANDUM OPINION

Before Justices Fillmore, Brown, and Richter[1]
Opinion by Justice Brown

Following a jury trial, appellant Aaron Bernard Carter appeals his conviction for sexual

assault of a child. In two issues, appellant contends the evidence is legally insufficient to support

his conviction and contends the trial court erred in overruling an objection to impermissible jury

argument. We affirm the trial court's judgment.

### BACKGROUND

Appellant was indicted for the sexual assault of T.B., a child younger than seventeen

years of age. Appellant pleaded not guilty, and the case proceeded to a jury trial.

At the time of trial, T.B. was seventeen years old. She testified that her parents were

deceased and that she was raised by her grandmother. Appellant was related to the father of one

---

[1] The Hon. Martin Richter, Justice, Assigned.

of T.B.'s cousins; T.B. and appellant were not blood relatives. T.B. testified that the offense occurred in 2012 when she was fourteen. T.B.'s aunt Nina had taken her to the apartment of appellant's mother to play with other children while Nina took care of some business. T.B. had been there a few times before. She went to sleep on a couch in the living room while the other kids went outside to play with appellant's mother. Appellant woke T.B. up by tapping her on the shoulder, and he pulled her by her arm to the restroom. Appellant then grabbed T.B.'s hand and laid her on her back on the floor. Appellant pulled down T.B.'s pants and pulled down his pants. He stuck his penis inside T.B.'s vagina and "[k]ept going in and out." Appellant stopped when other people entered the apartment. He told T.B. not to tell anybody.

T.B. could not remember the exact date of the incident. She testified it occurred sometime between March and May of 2012. Almost a year later, T.B. went to a clinic because her private part was itching. The doctor told her she had chlamydia. T.B. then told her aunt Patricia what had happened to her.

T.B.'s grandmother, Deloris Wright, testified T.B. had a learning disability and took special education classes. Wright was surprised when she learned T.B. had contracted a sexually transmitted disease because Wright knew T.B. was not sexually active.

Nakisha Biglow conducted a forensic interview with T.B. at the Dallas Children's Advocacy Center. Biglow testified that initially T.B. was very talkative, but her demeanor changed when they began talking about the details of the sexual assault. T.B. lowered her voice and started to cry. Biglow testified it was pretty common for children to have a delayed outcry. Biglow also testified that she did not have any concerns about T.B. being untruthful.

After appellant was arrested, Breanna Valentine, a detective in the child abuse unit of the Dallas Police Department, obtained a search warrant to have appellant testified for chlamydia. The test was performed about a year after the alleged sexual assault, and Valentine testified that

appellant tested negative. Valentine was unable to check appellant's medical history to determine if he had been treated for chlamydia. Appellant was not able to give Valentine information about his doctors.

Pediatrician Matthew Cox testified that part of his job was examining children who have been sexually abused. Cox examined T.B. on May 24, 2013. In talking to her about her medical history, Cox learned T.B. had contracted chlamydia. T.B. tested negative for chlamydia at the time Cox examined her; the infection had been cured. Cox explained that chlamydia is a bacterial infection and that a single dose of antibiotics cures the infection the vast majority of the time.

Defense counsel reserved cross-examination of T.B. and her grandmother and later called them during appellant's case-in-chief. T.B. testified that she took special education classes because she needed help "in certain places some of the time," like geometry, English, and reading. She testified there was not anything wrong with her mentally.

The defense called several other witnesses, including T.B.'s older sister, Tamara Wright. When asked if T.B. had a boyfriend in 2012, Tamara said, "Probably one that I know of." Tamara did not think T.B. was sexually active because their grandmother was very strict. Tamara remembered that T.B. "just kept crying" on the day of the incident, but T.B. would not tell Tamara what was wrong. Appellant's adult daughter testified her father had some mental and physical disabilities. He cannot read or write. He also has seizures and was diagnosed with Parkinson's disease two to three years earlier. Velma Green, who had been dating appellant for about four years, testified she never got an STD from appellant.

The jury found appellant guilty of sexual assault of a child. At punishment, appellant pleaded not true to the enhancement allegation that he had a 1995 drug conviction. The jury

found the enhancement allegation true and assessed appellant's punishment at thirty years' confinement. This appeal followed.

**SUFFICIENCY OF THE EVIDENCE**

In his first issue, appellant contends the evidence is legally insufficient to support his conviction. A person commits sexual assault if he intentionally or knowingly causes the penetration of the sexual organ of a child younger than seventeen years of age by any means. TEX. PENAL CODE ANN. §§ 22.011(a)(2)(A), (c)(1) (West 2011). When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a factfinder was rationally justified in finding guilt beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Temple*, 390 S.W.3d at 360. The testimony of a child victim alone is sufficient to support a conviction for sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2016); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd).

T.B. testified regarding the elements of sexual assault of a child. She stated that while she was asleep at the home of appellant's mother, appellant woke her up and pulled her into the bathroom. He then pulled down her pants and his pants and stuck his penis inside her. T.B. was fourteen years old at that time.

Appellant maintains that the evidence is insufficient for various reasons. First, he argues that "T.B. was a very sheltered young lady who did not tell her grandmother she had a boyfriend." Appellant seems to suggest that T.B. accused him of sexual assault after she contracted chlamydia to cover up for the fact that she had a boyfriend she did not want her grandmother to know about. In addition, he questions why T.B. waited many months to seek

–4–

medical treatment for the chlamydia and points out that he was never shown to have had the condition or to have been treated for it. Also, appellant questions whether the sexual assault occurred because, according to him, it was unreasonable to believe that T.B. would not have told someone about it immediately after it happened. Appellant further contends that his disabilities make it unlikely he committed the offense. But all of these arguments raise issues that were for the jury to reconcile. It was the jury's role as factfinder to judge the witnesses' credibility and resolve any conflicts in the evidence. We defer to its resolution of these matters. After reviewing all the evidence under the proper standard, we conclude the evidence is sufficient to support the conviction. We overrule appellant's first issue.

### JURY ARGUMENT

In his second issue, appellant contends the trial court erred in overruling his objection to allegedly impermissible jury argument. Appellant complains of the following statement by the prosecutor during the State's closing argument: "[T.B.] has nothing against this defendant. She didn't even know him. There's no reason why she would come in here and lie." Defense counsel objected on grounds the prosecutor was "bolstering the testimony of her witness." The trial court overruled the objection.

A defendant must object each time an allegedly improper jury argument is made or he waives his complaint. *Temple v. State*, 342 S.W.3d 572, 603 (Tex. App.—Houston [14th Dist.] 2010), *aff'd*, 390 S.W.3d 341 (Tex. Crim. App. 2013); *Wilson v. State*, 179 S.W.3d 240, 249 (Tex. App.—Texarkana 2005, no pet.). Here, right after the trial court overruled appellant's objection, the prosecutor continued to argue that there was no reason for T.B. to come into court to accuse appellant and talk about being raped at age fourteen. Then the prosecutor added that T.B. had nothing to gain. Appellant made no objection to these remarks. By failing to object to

–5–

this argument, in which the prosecutor was still arguing T.B. had no reason to lie, appellant has failed to preserve this issue for our review.

Even if appellant had preserved error, his complaint lacks merit. Generally, proper jury argument is limited to the following subjects: (1) a summation of the evidence presented at trial; (2) reasonable deductions and inferences drawn from that evidence; (3) responses to opposing counsel's argument; and (4) appropriate pleas for law enforcement. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). To determine whether jury argument is improper, we look to the entire record and assess the argument in context. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). We review the trial court's ruling on an objection to a jury argument for an abuse of discretion. *See Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004). A trial court does not abuse its discretion when its decision is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

Appellant contends the argument that T.B. had no reason to lie was improper because it was intended to bolster the credibility of T.B., whose credibility was a key issue for the jury. Appellant asserts the prosecutor usurped the role of the factfinder when making this argument. But the trial court could have determined that the argument was proper as a reasonable deduction from the evidence. Just prior to making the complained-of argument, the prosecutor twice told the jurors that it was their job to judge T.B.'s credibility. The prosecutor asked the jury to consider T.B.'s demeanor in judging her credibility, arguing that she obviously did not want to talk about the sexual assault. The prosecutor also referred to evidence from T.B.'s sister about T.B.'s demeanor on the day of the alleged assault and from the forensic interviewer about T.B.'s demeanor during their interview. The State noted the evidence was consistent; T.B. had not provided different versions of the incident. It was in this context that the State argued T.B. had no reason to come into court and lie about being raped. The prosecutor did not improperly state

her personal belief as to T.B.'s credibility or go outside the record to vouch for her credibility. Instead, she asked the jury to make inferences about T.B.'s credibility based on her demeanor and the evidence. *Compare Stout v. State*, 426 S.W.3d 214, 222 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (argument about whether arresting officer had motive to lie did not constitute improper bolstering of officer's credibility), *with Menefee v. State*, 614 S.W.2d 167, 168 (Tex. Crim. App. 1981) (prosecutor's argument "I don't believe I have ever seen anybody that I thought was any more honest than [eyewitness] is" improperly injected prosecutor's opinion of witness's credibility). The trial court did not abuse its discretion in overruling the defense's objection to the argument in question. We overrule appellant's second issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

151213F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AARON BERNARD CARTER, Appellant

No. 05-15-01213-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F-1356070-T.

Opinion delivered by Justice Brown, Justices Fillmore and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of February, 2017.