Opinion issued May 16, 2017



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00660-CR

## NO. 01-16-00661-CR

———————————

**JAMES KEITH CRAWFORD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1455217 & 1455218**

---

## MEMORANDUM OPINION

James Keith Crawford was charged with intent to deliver more than four grams but less than 200 grams of cocaine, and possession of at least four grams but less than 400 grams of morphine sulfate. The trial court found him guilty, and

defense counsel and the State agreed to a sentence of 25 years' confinement in the Texas Department of Criminal Justice. On appeal, Crawford contends that the trial court erred by denying his motion for a mistrial based on improper jury argument. He complains of (1) the prosecutor's comment on Crawford's failure to testify; (2) an allegedly improper plea for law enforcement; and (3) two instances of arguing outside the record. Finding no error, we affirm.

## Background

The Houston Police Department ("HPD") had conducted surveillance on Crawford for several weeks and had observed drug-trafficking activity. After Officer Bryant obtained a search warrant, he and Officer Medrano breached the door of Crawford's apartment and observed a person moving in the back room. Officer Medrano commanded the person, later identified as Crawford, to show his hands. At that point, Medrano observed Crawford making a throwing motion toward the bedroom as Crawford moved toward the bathroom. Crawford was the only occupant of the apartment at the time.

In the apartment's bedroom, police recovered an 11.90 gram rock of crack cocaine found lying in plain view on the bed, morphine tablets weighing 10.13 grams concealed in a shaving kit on the floor, and a scale for weighing narcotics. They also found a jacket with $1422 in small-denomination bills in the pocket, and a Remington rifle lying under the bed.

Officer G. Goines, a 32 year police veteran, assisted with the search. He observed Crawford throw something down from his hands toward the bed. Crawford told Goines that Crawford "had a gun under the bed," and Goines identified the Remington rifle as the gun he found. Crawford also told Goines that Crawford had "money in the bedroom," which could be found on the bedroom door, "in his jacket." Crawford reported that he lived in the apartment with a woman, but Officer Goines could not recall finding any women's clothing in the apartment—only large male clothing. He testified that he would have photographed any women's clothing if there had been any present.

Officer Bryant, the officer who obtained the search warrant for the apartment, testified that the presence of a significant amount of small-denomination bills, the scale, and the firearm indicated that the apartment was a locale for drug transactions. The State introduced photos of the drugs, the scale, the firearm and the money that were recovered.

S. Galioto, a forensic analyst at the Houston Forensic Science Center, testified that lab analysis confirmed that the drugs recovered at the scene were cocaine and morphine, each weighing more than 4 grams.

### Discussion

Crawford contends the trial court erred in denying his motion for mistrial based on improper jury argument. Crawford points to (1) the prosecutor's

comment on Crawford's failure to testify; (2) an allegedly improper plea for law enforcement; and (3) two instances of arguing outside the record. Proper jury argument must fall within one of the following categories: (1) summary of the evidence; (2) reasonable deduction from the evidence; (3) in response to argument of opposing counsel; and (4) plea for law enforcement. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990); *Madden v. State*, 721 S.W.2d 859, 862 (Tex. Crim. App. 1986).

## I.     Comment on Defendant's Failure to Testify

Crawford first contends that the State improperly commented on Crawford's failure to testify. The State responds that Crawford failed to preserve this complaint because he did not object to the comment and did not move for a mistrial until after the jury retired. The State further responds that any error is harmless.

During closing argument, while referring to Crawford's statements to the officers after Crawford's arrest, the prosecutor improperly commented that Crawford had not testified during the case:

> THE STATE: And he told the officer, "I live there with somebody named Lisa." . . . You didn't get to hear from the Defendant. He didn't testify. But you heard him testify through that—
>
> DEFENSE COUNSEL: Your Honor, I object to the Prosecutor's statement. Can we approach, your Honor?

4

THE COURT: No, sir. But stay in the record, please. And again, ladies and gentlemen, you will recall what the witnesses said. What these lawyers say is not evidence.

After the jury retired to deliberate, Crawford's counsel moved for a mistrial:

> DEFENSE COUNSEL: Your Honor, I didn't object during the State's argument because I thought that it would highlight the issue. But she specifically said, "We did not hear from Mr. Crawford." And I didn't want—because I don't want to bring it back to him, but now that is such an egregious error, Judge, on the Fifth, Sixth and Fourteenth Amendments of the US Constitution, Article 1; Section 10.13 of the Texas Constitution, we would as now for—that a mistrial be declared, Judge . . . .
>
> ****
>
> THE COURT: And that has been denied.
>
> ****
>
> THE COURT: While, granted, she should have never said that specifically, the fact of the matter, if you take it all together contextually, she is talking about the evidence there. She's arguing that the evidence, bottom line, speaks for itself. So, that's why I'm denying your mistrial motion. You've made a bill. But the fact of the matter was your objection wasn't preserved.

Commenting on a defendant's failure to testify violates the freedom from being compelled to testify against himself contained in the Fifth Amendment of the United States Constitution and Article I § 10 of the Texas Constitution. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 10. *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001).

5

Defense counsel did not object to the closing argument based on the Fifth Amendment right against self-incrimination. Counsel's general statement that "I object to the Prosecutor's statement" did not preserve his Fifth Amendment complaint for review, both because the objection did not challenge the comment as a remark on the defendant's failure to testify and Crawford did not obtain a ruling on the objection, and because Crawford did not move for a mistrial. *See Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) (holding that error was not preserved regarding complaint about comment on failure to testify because "[t]o preserve error in prosecutorial argument a defendant must pursue to an adverse ruling his objections to jury argument.").

Counsel's motion for a mistrial after the jury retired was not timely. For a motion for mistrial to be timely, however, it must be urged as soon as the grounds for it become apparent. *See* TEX. R. APP. P. 33.1(a); *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007). A motion for mistrial made after the jury retires to deliberate is untimely. *Haliburton v. State,* 80 S.W.3d 309, 315 (Tex. App.—Fort Worth 2002, no pet.) ("The objection to the argument and the motion for mistrial were not made until after the State concluded its argument and the jury was dismissed to begin deliberations. . . . Because Appellant did not object to the argument in a timely manner, the trial court did not err in overruling his motion for a mistrial."); *Weems v. State*, 328 S.W.3d 172, 179 (Tex. App.—Eastland 2010, no

pet.) ("In this cause, the ground for appellant's motion for mistrial became apparent during the prosecutor's closing argument. However, appellant failed to move for a mistrial until after the prosecutor had concluded her closing argument. As such, appellant's motion for mistrial was untimely and failed to preserve his first appellate issue for review.").

In this case, Crawford's motion for a mistrial was untimely because it came after the jury had retired to deliberate. Accordingly, we hold that Crawford has failed to preserve this complaint for appellate review. *See id.*

Even if counsel had appropriately preserved error, however, Crawford has failed to demonstrate the error was harmful. In the case of improper jury argument, the Texas Court of Criminal Appeals has declared that the appropriate test for determining whether a trial court abused its discretion by denying a motion for a mistrial is a tailored version of the *Mosley* test. *See Archie*, 221 S.W.3d at 700; *Hawkins*, 135 S.W.3d at 77 (discussing *Mosley v. State*, 983 S.W.2d 249, 259–60 (Tex. Crim. App. 1998)). In applying this test, we balance three factors: (1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) the measures adopted to cure the misconduct (including the efficacy of any cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *See Archie*, 221 S.W.3d at 700.

With respect to the first factor—the severity of the misconduct—the State referred to the defendant's failure to testify while highlighting the statements that Crawford made to police in which Crawford admitted that he lived in the apartment and that the gun and the jacket with money belonged to him. While the reference was improper, the prosecutor did not criticize Crawford for not testifying, but instead sought to focus the jury on the statements he made to police. The single instance was not an intentional violation of Crawford's Fifth Amendment rights. *See Mercer v. State,* 658 S.W.2d 170, 171 (Tex. Crim. App. 1983) (reference was flagrant where State argued failure to testify showed lack of remorse); *Johnson v. State*, 611 S.W.2d 649, 649–50 (Tex. Crim. App. 1981) (same); *Johnson v. State*, 05-98-01760-CR, 2000 WL 225640, at *4 (Tex. App.— Dallas Feb. 29, 2000, no pet.) (mem. op., not designated for publication) (reference was flagrant where State criticized defendant's failure to testify). Although the nature of the constitutional right affected by the prosecutor's remark was serious, its prejudicial effect was lessened by the absence of flagrancy and persistency. *See Carballo v. State*, 303 S.W.3d 742, 748 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

A review of the record for the second factor—the measures adopted to cure the misconduct—reveals that curative measures were taken. When defense counsel made the general objection, the trial court reminded the jury that the

State's argument could not be considered as evidence. The court's written charge to the jury also instructed the jury that it could not consider, for any purpose, Crawford's decision not to testify.

Crawford cites several Court of Criminal Appeals cases for the proposition that a direct reference to a defendant's failure to testify generally may not be cured by an instruction to disregard. *See e.g., Montoya v. State*, 744 S.W.2d 15, 37 (Tex. Crim. App. 1987), *overruled by Cockrell v. State*, 933 S.W.2d 73 (Tex. Crim. App. 1996); *Gardner v. State*, 730 S.W.2d 675, 700 (Tex. Crim. App. 1987). More recently, however, the Court of Criminal Appeals has observed that this rule applies only in flagrant cases: "[T]he . . . presumption that an instruction [to disregard] generally will not cure comment on failure of the accused to testify . . . has been eroded to the point that it applies only to the most blatant examples. Otherwise, the Court has tended to find the instruction to have force." *Dinkins v. State*, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995); *Waldo v. State*, 746 S.W.2d 750, 753 (Tex. Crim. App. 1988).

The State's remark was not so blatant as to render the instruction to disregard ineffective. *See McMillian v. State*, 05-99-01424-CR, 2002 WL 15946, at *3 (Tex. App.—Dallas Jan. 8, 2002, no pet.) (mem. op., not designated for publication) (prosecutor's statement that "the only person who could tell you what

ultimately caused Ms. McMillian's death is the person who killed her" could be cured by jury instruction).

Finally, considering all the evidence, the certainty of Crawford's conviction absent the improper comment was great. Officers discovered Crawford making a throwing motion toward a bed, upon which they later discovered a rock of crack cocaine. In the same room, officers found a package of morphine tablets, scales, and a rifle. Crawford admitted that he lived in the apartment, that he had money in the pockets of a jacket in which $1422 in small-denomination bills were found, and that he owned the rifle found under the bed. Officer Byrant testified that the presence of the money, scale, and gun led him to believe that the apartment was being used to sell narcotics. Chemical analysis confirmed that the drugs were cocaine and morphine, each in a quantity exceeding four grams.

Balancing the *Mosley* factors, we hold that the trial court did not abuse its discretion by denying Crawford's motion for mistrial.

## II. Plea for Law Enforcement

Next, Crawford complains that the trial court erred by overruling his objection to the State's plea for law enforcement made during closing argument. The argument in question follows:

> THE STATE: This is about each and every one of you. Because in voir dire, in testimony you heard a lot yesterday about how drugs are everywhere. They're in Katy. They're in Pasadena. They're in Friendswood. They're in Houston. They're right outside this

10

building. They're in our schools. They cause accidents. They cause violence. It doesn't—it's not only in high-crime areas. So, this is about you. This is about each and every one of your neighbors. Because if you find him not guilty, if you tell him that being caught red-handed isn't enough, you're telling him to go back out and do this again in your neighborhood.

CRAWFORD: That's improper argument. I object to that.

THE COURT: All right. That's overruled.

A plea for law enforcement is a permissible form of jury argument. *See Borjani¸*787 S.W.2d. at 55. A proper plea for law enforcement may include the relationship between the jury's verdict and the deterrence of crime in general. *Id.* The Court of Criminal Appeals has noted that the State may argue that juries should deter specific crimes by their verdict and may reference the impact of the jury's verdict on the community. *Id.* at 55–56.

In this case, the State argued that the jury should convict Crawford to prevent future drug crime in the community and to specifically prevent Crawford from offending again. Both of these arguments are proper pleas for law enforcement. *See Borjan*, 787 S.W.2d at 55–56. We overrule Crawford's second issue.

## III. Testimony Outside Record

Finally, Crawford complains of two instances in which the State testified outside the record. The relevant portion of the record follows:

11

THE STATE:  You don't really need DNA when he's caught in the bedroom with the drugs on his bed, on the floor, running out of—

CRAWFORD:  Objection, your Honor.  No testimony that was his bed, first of all—

THE COURT:  Stay in the—I'm sorry.  I didn't mean to interrupt you. . . . Please stay in the record.

THE STATE:  Yes, Judge.

THE COURT:  And, ladies and gentlemen, let me tell you something that I probably should have told you earlier.  Nothing that these lawyers say is evidence.  The only evidence that you are to consider is what came from this chair.  All right?  Stay in the record.  Go ahead.

****

THE STATE:  I already talked a little bit about what was happening behind that door before they busted in to No. 58.  Don't you know he was sitting on his bed?  Don't you know he was using his phone?  Don't you know he was using this scale?  Don't you know he was prepping some deals.

CRAWFORD:  Your Honor, won't—again, I object.  There's no evidence of that.  She's arguing way outside the record.

THE COURT:  Stay in the record, please.  And again, ladies and gentlemen, you'll recall what the witnesses said.

In order to preserve jury argument error for appellate review, the defendant must object, request an instruction to disregard, and move for a mistrial.  *Coe v. State*, 683 S.W.2d 431, 436 (Tex. Crim. App. 1984).  Crawford did not pursue his objections to closing argument on this basis by moving for a mistrial.

12

Accordingly, we hold that these complaints are not preserved for appellate review.

*Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993).

## Conclusion

We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).