Anthony Charles HOGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–96–00316–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 26, 1997.

Verna Victoria Langham, San Antonio, for appellant.

Angela Moore, Assistant Criminal District Attorney, San Antonio, for appellee.

Before HARDBERGER, C.J., and LÓPEZ and ANGELINI, JJ.

## INTRODUCTION

HARDBERGER, Chief Justice.

Anthony Charles Hogan ("Hogan") was charged with aggravated kidnapping. A Bexar County jury found him guilty as charged and assessed punishment at twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm the judgment of the trial court.

## FACTS

Hogan's estranged wife, Angelica Hogan, worked at an optometrists's office. On July 28, 1994, Hogan walked into Angelica's place of employment and told her he wanted to talk with her. When Angelica asked him to leave, he pulled a gun and ordered everyone to leave the premises. A security guard at the shopping center where the optometrist's office was located noticed everyone leaving the office and called the police. The officer then positioned himself behind a pillar close to the office door and saw Hogan standing behind Angelica with a gun pointed at her head. The SWAT team arrived shortly thereafter. John Gruchacz, a SWAT supervisor, was able to contact Hogan by telephone, and Hogan and Angelica came out of the office approximately four hours later.

In two points of error, Hogan claims that the trial court erred in (1) denying his motion for a mistrial because the State impermissibly commented on his failure to testify; and (2) denying his motion for a new trial in light of newly discovered evidence. We will address each of these points in turn.

## COMMENT ON HOGAN'S FAILURE TO TESTIFY

In his first point of error, Hogan argues that the trial court should have granted his motion for a mistrial based on the prosecution's comment regarding his failure to testify. The objectionable comment was made during the direct examination of Hogan's mother. Hogan's mother was testifying regarding a telephone conversation she had with her son at the office during the incident in question, when the following exchange took place:

[DEFENSE ATTORNEY]: You talked to your son?

[WITNESS]: Yes, I did.

[DEFENSE ATTORNEY]: What was the substance of that conversation?

[PROSECUTOR]: Objection, Your Honor. It's hearsay. It calls for hearsay and if the Defendant wants to testify, he can waive his right and testify to the—

[DEFENSE ATTORNEY]: I will object, Your Honor, to any comment on my client's right not to testify.

THE COURT: Sustain the objection. Ladies and gentlemen of the jury, you are instructed to disregard the prosecutor's last comment.

[DEFENSE ATTORNEY]: I will ask for a mistrial, Your Honor, at this time.

THE COURT: I will deny the motion for a mistrial. Let's proceed.

It is well settled that the failure of an accused to testify may not be the subject of comment by the prosecution. *Montoya v. State*, 744 S.W.2d 15, 34 (Tex.Crim.App.1987) (op. on reh'g), *cert. denied*, 487 U.S. 1227, 108 S.Ct. 2887, 101 L.Ed.2d 921 (1988). A comment by the prosecution on a defendant's failure to testify offends the state and federal constitutions and Texas statutory law. *See* U.S. CONST. amend. V; TEX. CONST. art. I,

§ 10; TEX.CODE CRIM. PROC. ANN. art. 38.08 (Vernon 1979); *Shepherd v. State,* 915 S.W.2d 177, 180 (Tex.App.—Fort Worth 1996, pet. ref'd).

▆▆ To determine whether a remark constitutes an allusion to or comment upon the failure of a defendant to testify, we review the language from the standpoint of the jury. *Goff v. State,* 931 S.W.2d 537, 548 (Tex.Crim.App.1996). We must consider "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily consider it to be a comment on the failure of the accused to testify." *Shepherd,* 915 S.W.2d at 180 (citing *Montoya v. State,* 744 S.W.2d 15, 35 (Tex.Crim.App.1987); *Curry v. State,* 861 S.W.2d 479, 485–86 (Tex.App.—Fort Worth 1993, pet. ref'd)). It is not enough that the language might be construed as an indirect or implied allusion to a defendant's failure to testify. *Staley v. State,* 887 S.W.2d 885, 895 (Tex.Crim.App.1994), *cert. denied,* 514 U.S. 1020, 115 S.Ct. 1366, 131 L.Ed.2d 222 (1995). A statement is not a direct comment on a defendant's failure to testify when it does not refer to evidence that can come only from the defendant. *Goff,* 931 S.W.2d at 548.

▆▆ Hogan contends that the State's comment directly referred to his failure to testify. We disagree. The comment in this case was merely an objection based on hearsay, interpreted as such by the trial court. Courts have held that comments similar to the one made by the prosecution in this case are not of such a character that the jury would naturally and necessarily take them as comments on the defendant's failure to testify. *See Victor Dansby v. State,* No. 12–93–00061–CR, 1995 WL 498725, at *4, —— S.W.2d —— (Tex.App.—Tyler 1995), *rev'd on other grounds,* 931 S.W.2d 297 (Tex.Crim.App.1996); *Loveless v. State,* 800 S.W.2d 940, 947–48 (Tex.App.—Texarkana 1990, pet. ref'd); *Reynolds v. State,* 744 S.W.2d 156, 159–60 (Tex.App.—Amarillo 1988, pet. ref'd). Further, the comment in this case occurred prior to the time testimony in the case had closed, and "[i]t is well established that a comment . . . which occurs prior to the time testimony in the case has closed cannot be held to refer to a failure to testify which has

not yet occurred." *Reynolds,* 744 S.W.2d at 159–60 (citing *McCarron v. State,* 605 S.W.2d 589, 595 (Tex.Crim.App.1980); *Garcia v. State,* 513 S.W.2d 559, 562 (Tex.Crim.App. 1974); *Jackson v. State,* 501 S.W.2d 660, 662 (Tex.Crim.App.1973); *Terry v. State,* 489 S.W.2d 879, 881 (Tex.Crim.App.1973)).

While we do not condone the type of remark made by the State during its objection, and we agree that the making of such remarks should not be encouraged, the comment made in this case does not require reversal. The jury was advised both in voir dire and in the court's charge that it should not consider for any purpose Hogan's failure to testify. The trial court also promptly instructed the jury to disregard the prosecutor's remark. These safeguards were sufficient to cure any error. *See Gardner v. State,* 730 S.W.2d 675, 700 (Tex.Crim.App. 1987) (finding that prompt instruction to disregard was sufficient to cure error), *cert. denied,* 484 U.S. 905, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987); *Maddox v. State,* 591 S.W.2d 898, 903 (Tex.Crim.App.1979) (concluding that instruction in charge telling jury not to consider appellant's failure to testify cured any error stemming from prosecutor's comments), *cert. denied,* 447 U.S. 909, 100 S.Ct. 2994, 64 L.Ed.2d 859 (1980). Hogan's first point of error is overruled.

### NEWLY DISCOVERED EVIDENCE

▆▆ Hogan claims in his second point of error that the trial court erred in denying his motion for new trial, which was based on newly discovered evidence. Hogan presented evidence at the hearing on the motion for new trial in the form of testimony from Angelica's ex-husband, Alfred Garcia, which essentially attacked Angelica's character for truthfulness. Garcia stated that he was not aware of the trial until the verdict was announced by the media, and told the court that he contacted Hogan's attorney immediately after he heard about the case. Garcia was not a witness to the kidnapping and testified solely regarding specific prior instances of Angelica's conduct. Garcia testified that Angelica: (1) made a police report in an attempt to defraud an insurance company; (2) lied about Hogan cutting her with a

knife; (3) previously dated a police officer; (4) threatened Garcia after they divorced; (5) smoked marijuana "every single day"; (6) never told him she was raped by Hogan or that Hogan put a gun to her head. After hearing this evidence, the trial court denied Hogan's motion for new trial.

 The Texas Code of Criminal Procedure provides that "[a] new trial shall be granted an accused where material evidence favorable to the accused has been discovered since the trial." TEX. CODE CRIM. PROC. ANN. art. 40.001 (Vernon Supp.1996). However, motions for new trial based on newly discovered evidence are disfavored and are viewed with great caution. *Drew v. State*, 743 S.W.2d 207, 225 (Tex.Crim.App.1987). We should not disturb a trial court's ruling on a motion for new trial based on newly discovered evidence absent a clear abuse of discretion. *Jones v. State*, 711 S.W.2d 35, 36 (Tex. Crim.App.1986). The Texas Court of Criminal Appeals has held that a new trial is warranted based on newly discovered evidence only when the record reflects that: (1) the evidence was not known to the accused before trial; (2) the failure to discover the evidence was not the result of a lack of diligence on the part of the accused; (3) the evidence would have been admissible, not cumulative, corroborative, collateral or impeaching; and (4) the evidence would probably have brought about a different result. *Moore v. State*, 882 S.W.2d 844, 849 (Tex. Crim.App.1994), *cert. denied*, 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995); *Drew v. State*, 743 S.W.2d 207, 226 (Tex.Crim.App. 1987); *Eddlemon v. State*, 591 S.W.2d 847, 849 (Tex.Crim.App.1979).

Applying this test to the facts of the instant case, we find that the trial court did not abuse its discretion in overruling Hogan's motion for new trial. Even assuming the first and second prongs of the test are met in this case, Hogan has failed to demonstrate under the third and fourth prongs of the test that the evidence would have been admissible and probably would have brought about a different result. As Hogan concedes in his brief, Mr. Garcia's testimony would have been used to refute Angelica's "appearance as a totally innocent victim." As such, the evidence would not have been material, probably would not have been admissible as evidence of specific instances of Angelica's conduct for the purpose of attacking her credibility, and would have been merely collateral and impeaching. *See Ramirez v. State*, 830 S.W.2d 827, 829 (Tex.App.—Corpus Christi 1992, no pet.) (holding that newly discovered evidence regarding arresting officer's discharge from police force did not justify new trial because evidence was inadmissible and merely impeaching). Moreover, in light of the magnitude of the State's evidence presented at trial, the sufficiency of which is not contested by Hogan, it is highly unlikely that Mr. Garcia's testimony would have brought about a different result. Hogan's second point of error is overruled.

The judgment of the trial court is affirmed.