ACCEPTED
12-15-00007-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/3/2015 11:04:16 AM
CATHY LUSK
CLERK

**NUMBER 12-15-00007-CR**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

8/3/2015 11:04:16 AM
CATHY LUSK
Clerk

# IN THE TWELFTH DISTRICT COURT OF APPEALS
# TYLER, TEXAS

## CHRISTOPHER EARL THURMAN,
**Appellant**

**v.**

## THE STATE OF TEXAS,
**Appellee**

From the 7th District Court of Smith County, Texas
Trial Cause Number 007-1224-14

## STATE'S BRIEF

## ORAL ARGUMENT NOT REQUESTED

**D. MATT BINGHAM**
Criminal District Attorney
Smith County, Texas

**AARON REDIKER**
Assistant District Attorney
State Bar of Texas Number 24046692
Smith County Courthouse, 4th Floor
Tyler, Texas 75702
Phone: (903) 590-1720
Fax: (903) 590-1719
Email: arediker@smith-county.com

# TABLE OF CONTENTS

Index of Authorities........................................................................................2

Statement of Facts ........................................................................................3

Summary of Argument ...................................................................................4

**I.ISSUE ONE**:  The logical force of the evidence linking appellant to the revolver found in his motel room was sufficient to show actual care, custody, control, or management of the firearm. .....................................................................................5

Standard of Review.........................................................................................5

Argument ......................................................................................................6

**II.ISSUES TWO AND THREE**:  Appellant failed to preserve any error in the trial court's alleged failure to consider the full range of punishment, and even if he had, deferred adjudication community supervision was unavailable to him. ................................. 10

Argument ...................................................................................................... 10

Certificate of Compliance............................................................................. 12

Certificate of Service.................................................................................... 13

1

# INDEX OF AUTHORITIES

## Texas Cases

*Dewberry v. State*, 4 S.W.3d 735 (Tex. Crim. App. 1999) ........................................5
*Evans v. State*, 202 S.W.3d 158 (Tex. Crim. App. 2006) .............................................7
*Hawkins v. State*, 89 S.W.3d 674 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).6
*Hernandez v. State*, 538 S.W.2d 127 (Tex. Crim. App. 1976)...................................7
*Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007) .............................................6
*James v. State*, 264 S.W.3d 215 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd)...6
*Jones v. State*, 338 S.W.3d 725 (Tex. App.—Houston [1st Dist.] 2011)................7, 9
*Laster v. State*, 275 S.W.3d 512 (Tex. Crim. App. 2009).........................................5
*Reed v. State*, 644 S.W.2d 479 (Tex. Crim. App. 1983)..........................................11
*Stout v. State*, 426 S.W.3d 214 (Tex. App.—Houston [1st Dist.] 2012, no pet.)........6
*Sutton v. State*, 328 S.W.3d 73 (Tex. App.—Fort Worth 2010, no pet.) ....................8
*Teixeira v. State*, 89 S.W.3d 190 (Tex. App.—Texarkana 2002, pet. ref'd) .............10
*Villegas v. State*, 871 S.W.2d 894 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd)..9
*Washington v. State*, 71 S.W.3d 498 (Tex. App.—Tyler 2002, no pet.)...................10
*Willis v. State*, 192 S.W.3d 585 (Tex. App.–Tyler 2006, pet. ref'd) (mem. op.) ........9

## Texas Statutes
Tex. Code Crim. Proc. art. 42.12, § 5....................................................................11
Tex. Penal Code Ann. § 1.07 .................................................................................6
Tex. Penal Code Ann. § 6.01 .................................................................................6

## Texas Rules
Tex. R. App. P. 33.1...............................................................................................10

## Federal Cases
*Jackson v. Virginia*, 443 U.S. 307 (1979)................................................................5

## IN THE TWELFTH DISTRICT COURT OF APPEALS
## TYLER, TEXAS

**CHRISTOPHER EARL THURMAN,**
**Appellant**

**v.**

**THE STATE OF TEXAS,**
**Appellee**

From the 7th District Court of Smith County, Texas
Trial Cause Number 007-1224-14

# STATE'S BRIEF

TO THE HONORABLE COURT OF APPEALS:

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, respectfully requesting that this Court overrule appellant's issues and affirm the judgment of the trial court in the above-captioned cause.

## STATEMENT OF FACTS

Appellant has stated the essential nature of the proceedings and the evidence presented at trial (Appellant's Br. 3-5). In the interest of judicial economy, any other

facts not mentioned therein that may be relevant to the disposition of appellant's issues will be discussed in the State's arguments in response.

## SUMMARY OF ARGUMENT

In a bench trial for the offense of unlawful possession of a firearm by a felon, the evidence showed the following links between appellant and the revolver found in his motel room: appellant's presence at the time of the search, the firearm's proximity and accessibility to appellant, his right to control and possess the location where the firearm was found, the presence of other contraband, a special connection or relationship between appellant and the firearm, and that the firearm was found in an enclosed space within his room. Viewing the evidence in the light most favorable to the verdict, the logical force from these links was sufficient for a rational trier of fact to have found beyond a reasonable doubt that appellant exercised care, custody, control, or management over the revolver. While appellant also argues that the trial court refused to consider the entire range of punishment, he failed to preserve any error for review by not raising a timely objection at trial. Even if appellant had raised a timely objection, the trial court made its finding of guilt following a bench trial on appellant's plea of "not guilty", and appellant was therefore ineligible to receive deferred adjudication community supervision.

4

**I. ISSUE ONE**:  The logical force of the evidence linking appellant to the revolver found in his motel room was sufficient to show actual care, custody, control, or management of the firearm.

STANDARD OF REVIEW

Articulating the standard of review for legal sufficiency in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Supreme Court stated that, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  When conducting a legal sufficiency review, a reviewing court must ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, and not whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.  *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).  The same standard applies equally to circumstantial and direct evidence.  *Id*.  When examining the evidence for legal sufficiency, a reviewing court's role is not to become a "thirteenth juror", and it may not "re-evaluate the weight and credibility of the record evidence" and thereby substitute its judgment for that of the jury.  *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  Thus, "[t]he reviewing court must give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences

5

from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318-19) (internal quotation marks omitted).

## ARGUMENT

In his first issue, appellant argues that the evidence linking him to the firearm discovered during a consensual search of his motel room was legally insufficient to support his conviction for unlawful possession of a firearm by a felon (Appellant's Br. 7-13). "'Possession' means actual care, custody, control, or management." Tex. Penal Code Ann. § 1.07(39) (West 2014). To constitute an offense, possession of the prohibited item must be voluntary: "the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." Tex. Penal Code Ann. § 6.01(a), (b) (West 2014). Because the firearm at issue was not found on appellant or in his exclusive possession, the State was required to prove possession by affirmatively linking the firearm to the appellant. *Stout v. State*, 426 S.W.3d 214, 218 (Tex. App.—Houston [1st Dist.] 2012, no pet.). "The State may establish possession by proving an 'affirmative link,' which demonstrates that the defendant was conscious of his connection with the weapon and knew what it was." *James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (citing *Hawkins v. State*, 89 S.W.3d 674, 677 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). A nonexclusive list of factors that may establish

6

a link between a defendant and a firearm found inside a residence that was not in his exclusive control includes whether:

> (1) the defendant was present at the time of the search; (2) the defendant was the owner of or had the right to control the location where the firearm was found; (3) the firearm was in plain view; (4) the defendant was in close proximity to and had access to the firearm; (5) firearms or other contraband was found on the defendant; (6) the defendant attempted to flee; (7) conduct by the defendant indicated a consciousness of guilt, including extreme nervousness or furtive gestures; (8) the defendant had a special connection or relationship to the firearm; (9) the place where the firearm was found was enclosed; and (10) affirmative statements connected the defendant to the firearm, including incriminating statements made by the defendant when arrested.

*Jones v. State*, 338 S.W.3d 725, 742 (Tex. App.—Houston [1st Dist.] 2011), *aff'd*, 364 S.W.3d 854 (Tex. Crim. App. 2012). The number of links is not dispositive, "but rather the logical force of all of the evidence, direct and circumstantial." *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). Furthermore, the absence of any of the links listed above "is not evidence of appellant's innocence to be weighed against evidence tending to connect appellant to the [contraband]." *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976).

Here, the evidence established at least six links between appellant and the firearm: his presence at the time of the search, the proximity and accessibility of the firearm, appellant's right to control the location where the weapon was found, the presence of other contraband in the motel room, a special connection or relationship between appellant and the firearm, and that the firearm was found in an enclosed space. *See*

7

*Jones*, 338 S.W.3d at 742. Appellant was present at the time of the search at approximately eight o'clock in the evening at the Town House Motel in Tyler (V Rep.'s R. at 59, 62). Moments before knocking on appellant's door, Tyler Police officers observed Brittany Stone, a theft suspect, enter appellant's room at the motel (*Id*. at 60-62). Appellant answered the door naked and told the officers that he had been sleeping (*Id*. at 62). He stated that the room was his and gave them permission to enter and arrest Ms. Stone (*Id*.). Appellant subsequently gave the officers consent to search his motel room (*Id*. at 64, 66), and a .38 caliber revolver was discovered between the mattress and box-spring of the bed where appellant had been sleeping (*Id*. at 73, 95, 97; State's Exs. 22, 26). In addition to appellant's presence at the scene during the search and his close proximity to the weapon immediately before officers knocked on his door, the motel manager later confirmed that appellant had rented the room a couple of days before the search and "had been in the whole time." (V Rep.'s R. at 104-05). Appellant thus had the right to control and possess the location where the firearm was located. *See Sutton v. State*, 328 S.W.3d 73, 77 (Tex. App.—Fort Worth 2010, no pet.) ("As the State points out, the jury could have rationally inferred from Sutton's statement of ownership or responsibility over the house that she could exercise care, custody, and control over the house's contents, including the gun.").

In his brief, appellant concedes that the revolver was found in an enclosed space accessible to him—underneath the mattress of the only bed in the motel room (Appellant's Br. 12). Further, appellant had a special connection or relationship with the firearm, as several rounds of .38 caliber ammunition were found in his nightstand near the side of the bed where the revolver was located (V Rep.'s R. at 67,73, 95, 97-98, 108). The ammunition was in a partially opened lockbox in the nightstand drawer, along with a clear plastic baggie containing methamphetamine and a digital scale (*Id.* at 67, 73, 95, 97-98, 107-08. *See Willis v. State*, 192 S.W.3d 585, 593 (Tex. App.–Tyler 2006, pet. ref'd) (mem. op.) ("whether the accused possessed other contraband when arrested" can serve as an affirmative link). In fact, appellant had directed police to that particular nightstand when asked for the keys to his vehicle parked outside (V Rep.'s R. at 66-67, 69, 97). The green Kia sedan was registered to appellant and his wife, and officers discovered a safe containing more .38 caliber ammunition, appellant's employee identification card from Goodwill Industries, and a Verizon bill addressed to Sondra Thurman (*Id.* at 61, 75, 98-100, 113). *See Jones*, 338 S.W.3d at 742 (links showing special connection or relationship where one rifle found in room with mail addressed to defendant and another gun found near his wallet and prescription medication); *Villegas v. State*, 871 S.W.2d 894, 896 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd) (contraband's location in relationship to the defendant's

personal belongings can serve as a link).  Viewing the evidence in the light most favorable to the verdict, the logical force from these links was sufficient for a rational trier of fact to have found beyond a reasonable doubt that appellant exercised care, custody, control, or management over the firearm.  Therefore, appellant's first issue is without merit and should be overruled.

**II. ISSUES TWO AND THREE**:  Appellant failed to preserve any error in the trial court's alleged failure to consider the full range of punishment, and even if he had, deferred adjudication community supervision was unavailable to him.

ARGUMENT

In his second and third alleged issues, appellant claims that the trial court erred by finding him guilty following a bench trial on guilt/innocence, but before hearing evidence on punishment, without considering the option of deferred adjudication community supervision (Appellant's Br. 14-17).  As a preliminary matter, appellant did not object to the trial court's finding of guilt at the conclusion of the guilt/innocence phase of trial (V Rep.'s R. at 130).  A complaint that the trial court refused to consider the entire range of punishment for an offense or refused to consider the evidence and imposed a predetermined punishment is not preserved for review unless a timely objection is raised at trial.  Tex. R. App. P. 33.1(a); *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd); *Washington v. State*, 71 S.W.3d 498, 499-500 (Tex. App.—Tyler 2002, no pet.).

10

Even had appellant preserved the alleged error, he was not eligible for deferred adjudication community supervision. "[W]hen in the judge's opinion the best interest of society and the defendant will be served, the judge may, *after receiving a plea of guilty or plea of nolo contendere*, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision." Tex. Code Crim. Proc. art. 42.12, § 5(a) (West 2014). "The power to defer adjudication rests solely within the discretion of the trial court. The availability of the option is limited to defendants who plead guilty or nolo contendere." *Reed v. State*, 644 S.W.2d 479, 483 (Tex. Crim. App. 1983). Appellant, with his counsel present, entered a plea of "not guilty" to the offense as charged in the indictment (V Rep.'s R. at 48), and a bench trial on the issues of guilt/innocence and punishment followed. As appellant was therefore not eligible to receive deferred adjudication community supervision from the trial court, his second and third alleged issues are without merit and should be overruled.

PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that the Court overrule appellant's alleged issues and affirm the judgment of the 7th District Court of Smith County, Texas, in the above-captioned cause.

Respectfully submitted,

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas


/s/  Aaron Rediker
Aaron Rediker
Assistant District Attorney
SBOT #:  24046692
100 North Broadway, 4th Floor
Tyler, Texas 75702
Office:  (903) 590-1720
Fax:  (903) 590-1719 (fax)
arediker@smith-county.com


**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned attorney certifies that the word count for this document is 2,073 words as calculated by Microsoft Word 2013.

/s/  Aaron Rediker
Aaron Rediker

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 31st day of July 2015, the State's Brief in the above-numbered cause has been electronically filed, and a legible copy of the State's Brief has been sent by email to James W. Huggler Jr., attorney for appellant, at jhugglerlaw@sbcglobal.net.

/s/  Aaron Rediker
Aaron Rediker